IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LEE ANDREW DAVIS                                                      PLAINTIFF

v.                                    No. 5:16-cv-262-DPM

WALTER JOHNSON;  DAVID NIXON; JOHN
DOES, 1–20;  and JEFFERSON HOSPITAL
ASSOCIATION, INC., d/b/a Jefferson Regional
Medical Center                                                       DEFENDANTS

## ORDER

1. Dr. Lee Davis is a cardiologist who used to have staff privileges at
Jefferson Regional Medical Center in Pine Bluff.  The hospital revoked those
privileges.  Dr. Davis sued, arguing that his race drove JRMC's decision.  His
lawsuit failed.  His problems in taking care of patients, with documentation,
and with unprofessional behavior — not his race — led to the revocation.  *Davis
v. Jefferson Hospital Association*, No. 5:09-cv-58-DPM, № 141 & 142 (E.D. Ark.
2010), *affirmed*, 685 F.3d 675 (8th Cir. 2012).  Dr. Davis still practices medicine
in Jefferson County;  and he understandably wants his privileges at the local
hospital restored.  As things are, he must admit patients to Little Rock
hospitals, which is not only inconvenient, but means more expenses and less
income.

After much back and forth, JRMC denied Dr. Davis's request for restoration of privileges at the pre-application phase. JRMC's January 2014 decision letter is attached to and incorporated in Dr. Davis's complaint and amended complaint. *№ 1 & 15.* The hospital gave two main reasons for saying no: insufficient credentials and a lawsuit. The credentials issues were about Dr. Davis's practice in recent years—lack of on-call work, lack of hospital committee service, and not enough heart procedures. JRMC also pointed to its 2008 revocation, which was based partly on patient-care concerns. The hospital also pointedly relied on Dr. Davis's having filed a lawsuit against JRMC and several doctors. It wasn't the federal case already mentioned; Dr. Davis had filed a similar lawsuit alleging race discrimination in state court while he was also seeking re-appointment to the medical staff. Though Dr. Davis eventually dismissed this other case without prejudice, JRMC concluded that his simultaneous pursuit of undisclosed litigation and restored privileges showed an unwillingness to work with the hospital.

In this case, Dr. Davis claims (under federal and state law) a retaliatory decision based on his second lawsuit, with a side claim that JRMC violated the Arkansas Freedom of Information Act. Dr. Davis pleads that "[w]ith the

exception of the comments concerning the lawsuit, the factual allegations contained in the 1/24/14 letter referencing other reasons for the refusal to allow [Dr. Davis] to apply are false." № *15 at 2*. He also pleads that two similarly situated doctors have current JRMC credentials. Are Dr. Davis's retaliation claims implausible, and thus subject to a Rule 12(b)(6) dismissal, as defendants argue, based on *Blomker v. Jewell*, 831 F.3d 1051 (8th Cir. 2016), a recent divided opinion from the Court of Appeals?

**2.** They are. This Court is bound by the precedent. Dr. Davis's pleading is materially indistinguishable from Ms. Blomker's. She also attached a mixed-bag letter from her employer, which listed her intention to file an EEO complaint and poor performance as reasons for her firing. Dr. Davis's suing JRMC again was protected conduct. JRMC shouldn't have relied on that action in deciding whether to accept his application for restored staff privileges. But a solid retaliation claim under Title VII or 42 U.S.C. § 1981 requires a plausible allegation that JRMC's reliance on the lawsuit was the 'but-for' cause of its rejection. "It is not enough that retaliation was a 'substantial' or 'motivating' factor in the [hospital's] decision." *Blomker*, 831 F.3d at 1059 (quotation omitted); *see also Wright v. St. Vincent Health System*,

730 F.3d 732, 738 n.5 (8th Cir. 2013). JRMC's other reasons for its decision, reflected in the letter, stop Dr. Davis's federal retaliation claim at the door.

Dr. Davis has worked mightily to avoid this conclusion. After defendants responded to his complaint with a *Blomker*-based motion to dismiss, Dr. Davis amended his pleading, adding the allegations about the letter being partly false and about the current doctors, essentially offering comparators. And he argues that *Blomker* breaks faith with other precedent and draws courts into the merits too early. None of these efforts, though, saves Dr. Davis's federal claim.

First, the letter. It is part of Dr. Davis's pleadings. As with his factual allegations, the Court must take what JRMC's letter says as the truth. So there's clash between the amended complaint (the letter's true about JRMC's relying on the lawsuit, but otherwise false) and the incorporated document. While not unusual, these circumstances call for the plaintiff to plead more; he must give some factual particulars to show a plausible claim. Dr. Davis's plea of partial falsity is a matter of fact, not law. But it is conclusory. It's unsupported by any details. He did not say, for example, that he actually has recently worked on call, served on hospital committees, or performed enough

heart procedures. In the absence of particulars, the Court is left with the letter—the (assumed) truth of the whole letter, as in *Blomker*.

Next, the comparators. They don't stand up. Neither of them applied for restored privileges. While the bar for considering alleged comparators at the pleading stage must be low, Dr. Davis hasn't cleared it with his allegations about Dr. Dharamsey's and Dr. Boast's deficiencies.

Last, the applicable precedent. Dr. Davis is partly wrong and partly right. The Court sees no inconsistencies. But the governing law is moving toward closer scrutiny of cases at the pleading stage, scrutiny informed by the law on the merits. *Blomker*, 831 F.3d at 1055–56.

**3.** *Blomker* and related cases are persuasive but not binding authority on the meaning of the Arkansas Civil Rights Act. ARK. CODE ANN. § 16-123-105(c). As Dr. Davis points out, Arkansas's causation standard for a solid retaliation claim is unsettled. The Court therefore declines to exercise jurisdiction over this state law claim. 28 U.S.C. § 1367(c); *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011) . Like the FOIA claim, it will be dismissed without prejudice. *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 477 (8th Cir. 2009) (en banc).

\*   \*   \*

Motions to dismiss, № 19 & 30, granted as modified.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_____
10 January 2017